**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ANTHONY MOBLEY,

        Plaintiff,                     CASE NO. 07-CV-10727

-vs-                                            PAUL D. BORMAN
                                              UNITED STATES DISTRICT JUDGE

MICHIGAN DEPARTMENT OF
CORRECTIONS,

        Defendant.
_____/

## ORDER (1) DECLINING TO EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S STATE LAW CLAIMS; AND (2) DISMISSING PLAINTIFF'S CASE FOR LACK OF SUBJECT MATTER JURISDICTION

Before the Court is Plaintiff Anthony Mobley's ("Plaintiff") February 20, 2007 Complaint. In his Complaint, Plaintiff asserted the following claims: (1) Title VII race discrimination; (2) Title VII retaliation; (3) Elliot-Larsen Civil Rights Act race discrimination; and (4) Elliot-Larsen Civil Rights Act retaliation. Defendant Michigan Department of Corrections ("Defendant") filed its Answer on March 9, 2007.

On April 17, 2007, Plaintiff voluntarily dismissed with prejudice his Title VII claims, since it became apparent that he did not file suit in this Court within ninety (90) days of the EEOC's issuance of a Right to Sue Letter. On the same day, Defendant filed a Concurrence with Plaintiff's voluntary dismissal.

As a result, the only claims before the Court are Plaintiff's state law causes of action under the Michigan Elliot-Larsen Civil Rights Act.

Pursuant to Fed. R. Civ. P. 12(h)(3), "[w]henever is appears by suggestion of the parties

1

or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." The Supreme Court has recently recognized:

> First, "subject-matter jurisdiction, because it involves the court's power to hear a case, can never be forfeited or waived." Moreover, courts, including this Court, have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.
> . . . .
> Third, when a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety. . . . In contrast, when a court grants a motion to dismiss for failure to state a federal claim, the court generally retains discretion to exercise supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over pendent state-law claims.

*See Arbaugh v. Y&H Corp.*, 126 S. Ct. 1235, 1244-45 (2006) (internal citations omitted).

While the Court possesses the discretion to exercise jurisdiction over Plaintiffs' state law claims, it will decline to exercise that jurisdiction pursuant to 28 U.S.C. § 1367(a) and (c). Considerations of judicial economy in this instance do not support further proceedings to resolve Plaintiff's state law clams. *See Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006); *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966).

Accordingly, the Court **DECLINES** to exercise supplemental jurisdiction over Plaintiff's case and **DISMISSES** Plaintiff's case for lack of subject of matter jurisdiction. Plaintiff's state law claims are dismissed without prejudice.

**SO ORDERED.**

                                              s/Paul D. Borman
                                              PAUL D. BORMAN
                                              UNITED STATES DISTRICT JUDGE

Dated: June 8, 2007

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on June 8, 2007.

                                          s/Denise Goodine
                                          Case Manager